DECISION
This is an appeal from the Decision and Order of the Master, appointed by this Court by Order entered on February 12, 1992, regarding the claim of Gaetano J. Salvatore, entered on September 20, 1994. The appeal follows the procedure established by Administrative Order No. 94-12 of this Court, dated June 22, 1994, and approved by implication by the Supreme Court in Paradisv. Heritage Loan and Investment Co.; In re. Claim of AntonioCaliri, No. 95-207 — Appeal, slip op. at 9-10 (June 18, 1996) (hereinafter simply "Caliri").
A de novo review by this Court of the proceedings before the Master discloses the following facts to have been established by the competent, credible, clear and convincing evidence.
On December 19, 1989 the claimant endorsed a check payable to him for $114,000 in blank. It was deposited in the General Account of the respondent, Heritage Loan and Investment Co. (HLIC) at Fleet National Bank on the same date. On that same date a passbook of HLIC bearing account number 02-14-001219-8 was issued by HLIC to Gaetano Salvatore or Joseph Salvatore recording an initial deposit of $100,000. This account was an "off-line" account. See Caliri supra, slip op., at p. 2, n. 2. An item of $114,000 shows on an adding machine tape attached to the settlement sheet of HLIC on December 19, 1989, which also contains references to two checks for $5,000 each, payable to Deborah Duffy and Donna Madden, respectively, the claimant's daughters, issued on the same day. In addition, Courtney Regan, a forensic accountant, also testified that between December 18 and December 19, 1989, the so-called "plug figure" or "Joe's number," decreased $99,700, or approximately $100,000. See Caliri, supra, slip op., at p. 3. Mr. Regan Testified that a substantial amount of money coming into the bank could account for the decrease in this number on the settlement sheets. Cf. Caliri, supra, slip op., at p. 8.
According to the claimant's testimony, he opened an account at HLIC with the check for $114,000. He asked for a passbook for $100,000, a check of $5,000 for each of his daughters and $4,000 in cash. The transaction was handled in HLIC's offices by Mr. Joseph Mollicone.
The parties in their memoranda and the Master in his Decision relied on the definition of "deposit" contained in12 U.S.C. § 1813(1), as construed by the United States Supreme Court inFederal Deposit Insurance Corp. v. Philadelphia Gear Corp.,476 U.S. 426, 106 S.Ct. 1931, 90 L.Ed.2d 428 (1986).
In construing G.L. 1956 (1993 Reenactment) § 42-116-3(h), our Supreme Court has, however, expressly eschewed any reliance on the Federal statute and its construction by courts of the United States. Caliri, supra, slip op. at p. 6-7. We must apply the plain and ordinary meaning of the English word "deposit." In cases such as the one at bar the word means to place money in the custody of the respondent bank. Id. at p. 7.
The claimant's testimony regarding the opening of an account in HLIC is contradicted only by the testimony of Joseph Mollicone, a convicted swindler. According to the claimant he placed his funds in the custody of HLIC. Anyone who chooses to believe Joseph Mollicone could find otherwise. This Court chooses to find on its independent review of a very brief record that the claimant has proved that he "deposited" $100,000 in the respondent on December 19, 1989 by his uncontradicted and corroborated testimony. Corroborated by some relevant documentation. Uncontradicted, of course, by any credible testimony as to what happened on December 19, 1989. Since the record supports the Order of the Master, even if he relied on a mistaken conclusion of law, his Order will be affirmed on de novo
review of the record by this Court.
The Master's Order of September 20, 1994 is affirmed.
The claimant will present a final judgment for entry on reasonable notice to the plaintiff receiver.